IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ZACHARY CHRISTOPHER BROWN,<br><br>Defendant. | Case No. 1:26-MJ-341 |

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Corporal Emma Stubblebine, being duly sworn, depose, and state:

1. I am a Police Officer with the Central Intelligence Agency (CIA) in Fairfax County, Virginia. I have been employed with CIA Police (CIAP) since 2023. I graduated from the Federal Law Enforcement Training Center in January 2024, after which I received an additional twelve weeks of CIA-specific training.

2. This affidavit is submitted in support of a criminal complaint charging the defendant, ZACHARY CHRISTOPHER BROWN ("BROWN"), with a violation of Title 21, United States Code, Section 844(a).

3. The facts and information contained in this affidavit are based upon my personal knowledge and observations, information conveyed to me by others, and my review of documents and other evidence. This affidavit contains information necessary to support probable cause, but it is not intended to include every fact and matter observed by me or known to the United States.

**STATUTES CHARGED**

4. Title 21 of the U.S. Code, Section 844(a), states, in part, "It shall be unlawful for any person knowingly or intentionally to possess a controlled substance unless such substance

was obtained directly, or pursuant to a valid prescription or order, from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this subchapter or subchapter II… Any person who violates this subsection may be sentenced to a term of imprisonment of not more than 1 year ….” Title 21 of the U.S. Code, Section 802(6), states, “[t]he term ‘controlled substance’ means a drug or other substance, or immediate precursor, included in schedule I, II, III, IV, or V of part B of this subchapter.”

**SUMMARY OF FACTS TO SUPPORT PROBABLE CAUSE**

5. On or about Friday, August 28, 2026, at approximately 11:45 a.m., at CIA Headquarters in Fairfax County, Virginia, within the special maritime and territorial jurisdiction of the United States, and within the Eastern District of Virginia, a four-door Ford Escape with a Michigan license plate entered the restricted lanes leading to the main CIA gate. The vehicle passed numerous controlled area indicators, such as trespassing signs indicating the installation was restricted to employees and official visitors only. The vehicle also drove past three unauthorized visitor vehicle turnarounds and navigated through a chicane (a traffic control and calming scheme) to approach the guardhouse, to which I was assigned at that time.

6. The driver of the vehicle, later identified as BROWN, stopped the vehicle at my assigned position and asked to speak with someone. BROWN produced his passport reflecting his name and date of birth but did not produce authorized credentials. For my safety and the safety of others, I asked BROWN if he had any weapons; he denied having any. I requested backup from additional CIAP officers and, as they approached, I again asked BROWN if he had any weapons; again, he denied having any. I then requested that BROWN drive a short distance away from the travel lane as officers followed on foot.

7. Once the vehicle stopped, another officer also asked BROWN if he had any

weapons. To this third request, BROWN began to reach between his body and the center console and indicated that he may have a knife. Before BROWN's hand disappeared from my view, I instructed him to stop. BROWN was then assisted out of the vehicle and seated on the curb. BROWN then provided verbal consent to a search of the vehicle.

8. From underneath the driver's seat, CIAP retrieved a 9" Smith & Wesson, H.R.T., Fixed Blade Knife, dual-edged with a 4.75" spear point blade and blood grooves.



9. Once the H.R.T. knife was retrieved, BROWN was asked if there was anything else in the vehicle that could endanger officer safety. BROWN replied that he had amphetamine in the center console. When BROWN was asked which amphetamine, he replied that it was methamphetamine, that he snorts it, that he last consumed it four days prior, and that it was in a pill bottle. CIAP retrieved two baggies from a pill bottle, the larger bag contained a crystalline substance, and the smaller bag contained powder. The material in each of these bags yielded presumptive positives for methamphetamine. I am aware that methamphetamine is listed as a Schedule II controlled substance under 21 U.S.C. § 812.

10. A records check at the scene also revealed that BROWN had an unspecified warrant for his arrest, that the vehicle was registered to a relative in Florida, and that he was unlicensed.

11. A search of the vehicle prior to towing revealed additional items, including prescription pill bottles (two in his name and one prescribed to a relative), two additional folding knives, a rifle scope, a pistol gun safe, and a non-descript scale).

**CONCLUSION**

I respectfully submit that the foregoing facts in this affidavit demonstrate probable cause to believe that, on or about August 28, 2026, within the special maritime and territorial jurisdiction of the United States, in the Eastern District of Virginia, ZACHARY CHRISTOPHER BROWN violated 18 U.S.C. § 844(a).

Respectfully submitted,

Corporal Emma Stubblebine
Central Intelligence Agency Police

Respectfully submitted and attested to in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on August 29, 2026.

Lindsey R Vaala Digitally signed by Lindsey R Vaala
Date: 2026.08.29 14:06:38 -04'00'

The Honorable Lindsey R. Vaala
United States Magistrate Judge

Alexandria, Virginia